Good morning everyone. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 161405 United States v. Jose A. Garcia-Ortiz. Thank you. Good morning. I'm Rachel Brill. I represent Jose A. Garcia-Ortiz. I'd like to first address the first issue that the court had us brief in our supplemental briefs and that is the fact that Section 924C's residual clause after Sessions v. DiMaia is void for vagueness. At this time, Mr. Garcia-Ortiz asks the First Circuit to follow the straightforward reasoning in what we call in shorthand the 2015 Johnson case and also join the Tenth Circuit, the Seventh Circuit, and also the Third Circuit as well as a slew of district courts in holding that 18 U.S. Code Section 924C3A is void for vagueness. Essentially, that residual clause suffers the same infirmities as the other residual clauses addressed by the Supreme Court. That is the impossibility of an ordinary case analysis, the impossibility of conducting an adequate categorical approach. Counsel, why do we have to even go there? Why can't we just rely on the force? Well, I think if you did rely on the force clause and you determined that the Hobbs Act was a crime of violence under the force clause then no, you wouldn't have to go there. And if this is the court asking me to address that, I will right now. But I would say that it is an issue that is, the issue of the residual clause continues to need resolution. It's an issue that is pending and it's an issue that the circuits are dealing with. But if I understand Your Honor's question to redirect me to whether the Hobbs Act qualifies under the force clause. I don't want to speak for my colleagues, but for me that would be helpful. I will address your concern as well, certainly. The Hobbs Act robbery, Your Honor, should not and does not qualify under the force clause or as it's sometimes called the elements clause because the minimum conduct necessary doesn't rise to the level of a crime of violence. As an initial matter, there's no doubt that the categorical approach, the ordinary case analysis, the minimum conduct necessary approach is the approach that is required under the force clause. How do you distinguish that from our case dealing with bank robbery? The bank robbery has, the requirements of bank robbery are different. The statutory language in the bank robbery statute is different. The statute uses the word intimidation. The Hobbs Act statute is the, and I quote, the unlawful taking or obtaining of personal property from the person or in the presence of another against his will by means of actual or threatened force or violence or fear of injury immediate or future to the person or property. And so I read all the way through to get to the language about future injury to property, which distinguishes it from the bank robbery statute, which is a more immediate specific event, the actual moment of the robbery. Follow that through. Immediacy isn't one of the requirements or elements of the definition of a crime of violence. So how do you get from the point that the underlying crime elements don't require immediacy and therefore it's not a crime of violence? I was not, well, the underlying, well, okay, so the underlying requirement that it can be, that there can be a future injury to property does not satisfy what the Supreme Court in the other Johnson case has said is required for force. That is, violent force is required. Is that because of the lack of immediacy? Well, I mean, one reason why the Hobbs Act language does not satisfy the requirement for violent force is because of the fact that future injury to property is incorporated in the Hobbs Act. Does that imply that immediacy is a requirement of the definition of a crime of violence under the force clause? Where do you come to that conclusion? I come to that conclusion from the requirement that there be violent force under Johnson 1, that it be directed at a person or property that merely the causation of injury is not violent force, and that it can't be an act of omission and it must be intentional. I get that from the overall, yes, I get that from Johnson 1. Threatened force counts, right? Threatened force counts, but as... So couldn't threatened force fit fairly well with future injury to property? It would be hard to have a threatened force that wouldn't be subject to future... Threatened future injury to property does fall under the Hobbs Act, but it's what I contend is not sufficient as violent force. But violent force, I thought, includes the threat of force. Violent force, particularly under Your Honor's definition of intimidation... No, no, no, forget Ellison. I thought, am I wrong that the definition of violent felony includes a force clause other than it includes a threat of force? And I was just alluding to Ellison in the sense that it's threatened immediate force. In other words, it's the threat of what would be. As I understand the threat of force, it needs to be. There is a temporal requirement. There is an immediacy requirement. Otherwise, it would not, it would not in the, either... Just go back to, why would the immediacy of the visitation of the force that's threatened tell you very much about whether it was a threat to use force? You mean a viable threat? No, if I'm making threat to you about force that will be deployed later, but if the force that I'm going to use later that I'm threatening to use is of a sufficient threshold, why should we care that I'm threatening to use it later in terms of determining whether it's violent? Well, what's coming to my mind now, or what I'm trying to use as an analogy now, is the notion of proximate cause. When you add the notion of time to all of this, then there's so much that can intervene. And the notion that threatening something in the future, which is an infinite amount of time, I mean, are we going to put a limit on what the future is? Is the future minutes? Is the future hours? Is the future days or years? Then that would certainly mitigate, I mean, I think it certainly mitigates any notion of what's an actual threat, at least a threat that would rise to the level of violence. So I suppose that's the answer, that the length of time, whatever length of time there is, mitigates the notion of how viable and how violent the threat is. So five minutes is not a crime of violence? I'm sorry? Five minutes? Well, I mean, I think we need to examine the threat. If I get into a property, or in five minutes I'm going to kill your family members, is that a threatening use of force? I mean, if there's a real, if this context, if the overall context is, you know, there's somebody in the presence, or could be in the presence of family members within five minutes, would it be a use of force, then yes. But, you know, if there's a timer of a bomb that could go off in five minutes, then yes, it would be violent. But it doesn't have to be a threat force, it can just be a threaten force under the statute. Well, I think it has to be realistic. It has to have the probability of happening, otherwise it wouldn't be a threat that meant anything to the victim. That's a problem for you. That's a problem? I think. Because that just would be a way of saying that if we would just assess under the Hobbs Act whether in fact there was the threat, that it seems unlikely that you could have a threat that would be as remote as you're describing, the kind of threat that wouldn't qualify under 924C, that wouldn't qualify under the Hobbs Act. What's the basis for concluding that? I do. I do. I think that the, I think that in that sense we need to also incorporate the other aspects of, again, going back to the main concept of violent force, which is that it's not only, I mean, when you talk about the other kinds of harm that can take place under the Hobbs Act, not the quintessential harm that Judge Cayetano was speaking about, I'm going to kill your family in five minutes, but I'm going to destroy a car. I'm going to, I mean, the examples that were going around in mine and other briefs about how property can be destroyed and result in harm. That is, those are the, when we talk about those kinds of threats and that those kinds of threats would qualify under the Hobbs Act and, therefore, they would, you know, vitiate the use of the force clause for the Hobbs Act. Can I just make one more point about the Hobbs Act, which is that it's, this court hasn't determined the divisibility of the, this court, the First Circuit hasn't yet determined the divisibility of the Hobbs Act and that would need to be done and should, would have needed to be done before engaging in this colloquy right now as well. District courts in the First Circuit have, but not the, not the First Circuit. Thank you. Good morning, Your Honors, and may it please the Court. John Taddy for the United States. I'm going to focus on the Hobbs Act issue, but first, before getting into the merits, I want to take a step back and focus on a few of the procedural threshold issues that are presented by raising the Hobbs Act issue for the first time in this fourth direct appeal. As this Court wrote in Garcia-Ortiz 3, the First Circuit in that case vacated and remanded only the restitution portion of the defendant's sentence. The Court wrote that we expect that this fourth sentencing will provide some finality to this protracted appellate matter. There were no other issues that were remanded and, therefore, the mandate rule bars the raising of a Hobbs Act challenge to the defendant's 924C conviction at this juncture. At a minimum, the plain error standard of review would apply, and there would be no error in concluding that Hobbs Act robbery qualifies as a crime of violence under the 924C3A elements clause, much less the clear or obvious error required in order to find plain error. Eight courts of appeals throughout the country have concluded that Hobbs Act robbery under 1951B1 qualifies as a crime of violence under the elements clause. No court of appeals has concluded otherwise. In Diaz, this Court wrote that if a circuit conflict exists on a question and the law is unsettled in this Court, any error cannot be plain or obvious. So that should resolve the Hobbs Act issue at that juncture. If the Court would like, I can address the merits of the Hobbs Act robbery issue, which this Court has not specifically resolved in a published opinion, either in concert with those eight other circuit courts or against it. There is a straightforward categorical matchup, if this case were on de novo review, between the elements clause of 924C, 924C3A, and the Hobbs Act robbery statute. 924C3A, as this Court was alluding to in some of the questions to my colleague, requires the attempted use or threatened use of physical force to person or property. 1951B1 comparably requires that a defendant take property from another by actual or threatened force or violence or fear of injury. There's two primary arguments that the defendant presents to argue that Hobbs Act robbery is not a crime of violence. First, he argues that future injury doesn't meet the 924C3A requirement of threatened force capable of causing physical pain or injury, as the Supreme Court wrote in Curtis Johnson. As some of this Court's questions were alluding to, there is no temporal proximity requirement in 924C3A. The threat of force can be immediate, as was the situation in this case with bullets flying through the air, an individual from a car yelling, kill him, or it could be to threaten an individual or an individual's property with physical force at some point in the future. This Court's decision in Ellison, which addressed bank robbery under 2113A, which has similar requirements to the threatened fear of injury, the use of intimidation, or the threat of intimidation, guides the Court's analysis for this question as well. In that case, this Court held that proving intimidation requires proving that a threat of bodily harm was made. The threat of bodily harm in 2113A, bank robbery, is synonymous with the threatened fear of injury required by Section 1951, Hobbs Act robbery. There was an allegation that was made sort of at the closing of my colleague's time at this Court. What's an injury to property, though? That part doesn't match up. Because if I remember, Ellison was dealing with the crew who had their guidelines which didn't have the property wrong. But this Court then used, you know, threatening bodily injury is violent. That's right. Is it clear that all forms of threatening injury to property would be violent? Yes, Your Honor. This Court later on carried over Ellison and applied it in the 924C3A context in the case Hunter. And there the Court basically said that the analysis is the same. Was this argument made that injury to property? Yes. The Court in Hunter did acknowledge that there was this minor textual difference between the groups. Did the defendant make the argument there that that difference mattered? I'm not sure, Your Honor. I'm not sure if that argument was made. But I do remember that this Court It's just on the merits of it then. Let's imagine Hunter doesn't decide it. Yes. So how could an injury to property necessarily be violent? So an injury to property requires damage. So the requirement under Curtis Johnson, and there was an even threshold issue before that as to whether or not the Curtis Johnson analysis matches up one-to-one with the threat of force. Suppose I say I'm an employer, or I have control over you as an employee, and I say the way I'm going to injure you is by reducing your salary. That wouldn't seem like it's violent at all, but it would be an injury to property. That's an intangible right to property, Your Honor. And there are some allegations made in the defendant's brief that Hobbs Act robbery incorporates an intangible threat to property. That is not the situation. There's very good analysis of this issue in the Tenth Circuit opinion in Malgar Cabrera, which we submitted in a 28-J letter last week. And I believe the Second Circuit, in its opinion in Hill, also analyzed this issue in footnote 9. What those courts concluded, and what we've argued in our supplemental brief, is that all of the cases that the defendant cites about intangible threats to property, such as Your Honor's hypothetical, are cases involving Hobbs Act extortion. And, in fact, Hobbs Act extortion, pre the Supreme Court's opinion in CCAR, which limited sort of threats to intangible rights of property, the types of property that are transferable. But, in any event, those threats are about Hobbs Act extortion, which is a separate crime. 1951 is divisible between Hobbs Act robbery and Hobbs Act extortion, as every court that has addressed this issue has held. There are different subsections, 1951b1 versus 1951b2 for extortion. They have different elements. Hobbs Act extortion requires that property be dispossessed with the victim's consent, rather than Hobbs Act robbery, which requires a dispossession against the individual's will. So they are separate crimes. So, in answer to Your Honor's question, that hypothetical would not meet the legal standard for Hobbs Act robbery. In addition, What is the government's view of what does meet the standard for Hobbs Act robbery? Damage to property. And what do you mean by damage? So, something like, for example, You mean physical damage? Physical damage to property. So if there's no physical damage, then you can't bring up Hobbs Act robbery? Well, it would be capable of requiring damage to physical property. And the other problem with this is, and this is why the Curtis Johnson analysis, which was an ACCA case that did not involve the property issue, where Justice Scalia alluded to a slap in the face being enough, the concept of physical damage to property may not match up one to one in the 924C context like it does in the ACCA context. This is a threshold issue that a couple of courts have grappled with. The Tenth Circuit in Melgar Cabrera, the Second Circuit in Hill, and they basically concluded that what's required is sort of the threat of force that could be sufficient to cause damage to property. And that it does meet the definition under 924C3A in that context, if Curtis Johnson even applies, which those courts assumed arguendo it does. The last allegation that the defendant raises as to why Hobbs Act robbery does not qualify under the Elements Clause is that it does not require the intentional use of force. The First Circuit patterned jury instructions for Hobbs Act robbery belie that contention. The court writes in its jury instructions that Hobbs Act robbery requires that a defendant knowingly and willfully obtain property from a person robbed. That is similar to the bank robbery statute that was analyzed in Ellison as well, which this court wrote, a defendant must at a minimum know that he took property from another by means of threat and fear of injury, i.e. that resistance would be met with force. The same requirement applies in the Hobbs Act robbery context. And unless, Your Honor, there are any questions on any of the other issues raised in the defendant's brief, we would urge this court to affirm the judgment of the district court. Thank you.